IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILMINGTON SAVINGS FUND SOCIETY,
FSB, d/b/a CHRISTIANA TRUST AS OWNER
OF THE RESIDENTIAL CREDIT
OPPORTUNITIES TRUST III,

    Plaintiff,

v.                                                                         CIV 18-0114-JAP/KBM

WALTER L. APODACA;
GERALDINE E. APODACA aka
GERALDINE AYALA; the UNKNOWN
SPOUSE OF WALTER L. APODACA if any;
JOSE L. AYALA or the UNKNOWN
SPOUSE OF GERALDINE E. APODACA if any;
AQUA FINANCE, INC. including in its
role as assignee of UNIVERSAL WATER
SYSTEMS, LLC; EQUABLE ASCENT
FINANCIAL, LLC; ENCANTO VILLAGE
HOMEOWNERS' ASSOCIATION, INC.,

    Defendants.

## ORDER DENYING MOTION FOR SERVICE OF PROCESS BY PUBLICATION

THIS MATTER comes before the Court on Plaintiff's Motion for Order for Service of Process by Publication in a Newspaper for Defendant Equable Ascent Financial, LLC. *Doc. 12*. Having reviewed the Motion and all pertinent authority, the Court finds that the Motion is not well-taken and will be denied without prejudice at this time.

Plaintiff seeks to serve Defendant Equable Ascent Financial, LLC ("Equable") by publication. There is no express provision for service by publication under the Federal Rules of Civil Procedure. However, Federal Rule of Civil Procedure 4(e)(1) allows for service to be effected on a defendant in a judicial district of the United States by

1

following "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). This same rule applies to serving a corporation, partnership, or other unincorporated association. Fed. R. Civ. P. 4(h)(1). Accordingly, New Mexico Rules of Civil Procedure 1-004(J) and (K) provide for service by publication in some circumstances. While service by publication is generally limited to *in rem* or *quasi in rem* actions, the New Mexico Supreme Court has carved out an exception to this general rule "in cases where the defendant, being aware that civil action may be instituted against him, attempts to conceal himself to avoid service of process." *Clark v. LeBlanc*, 1979-NMSC-034, ¶ 7, 593 P.2d 1075.

However, before service by publication is allowed, a plaintiff must demonstrate that the hierarchy of service detailed in New Mexico Rule of Civil Procedure 1-004(G) was followed. *See* Rule 1-004(J) ("Upon motion, without notice, and showing by affidavit that *service cannot reasonably be made as provided by this rule*, the court may order service by any method or combination of methods, including publication . . . ." (emphasis added)). Rule 1-004(G)(1)(a) provides that service is made upon a limited liability company ("LLC") "by serving a copy of the process to an officer, a manager or a general agent or to any other agent authorized by appointment, by law or this rule to receive service of process." This type of service can be done by mail. Rule 1-004(G)(3). Next, "[i]f none of the persons mentioned [in subsection (G)(1)(a)] is available, service may be made by delivering a copy of the process or other papers to be served at the principal office or place of business during regular business hours to the person in charge." Rule 1-005(G)(2).

In its motion, Plaintiff asserts that it "made efforts to serve a summons and related material on Equable via its registered agent" in New Mexico. *Doc. 12*, ¶ 1. It explains that the registered agent rejected service because Equable is an inactive entity. *Id.* ¶ 2. However, Plaintiff also notes that "[t]o the extent that Equable is still a live entity, [Plaintiff] will seek to serve via certified mail its registered agent in Delaware where Equable is organized." *Id.* ¶ 3. Because Plaintiff has not yet attempted to serve Equable through its Delaware registered agent, service by publication is premature. Further, even if Equable's Delaware registered agent rejects service, as Plaintiff anticipates it will, Plaintiff must also follow Rule 1-005(G)(2) NMRA before service by publication is appropriate.

Wherefore,

IT IS HEREBY ORDERED that Plaintiff's Motion for Order for Service of Process by Publication in a Newspaper for Defendant Equable Ascent Financial, LLC (*Doc. 12*) is **denied** without prejudice.

_____
UNITED STATES MAGISTRATE JUDGE